# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Philip Shropshire

Civil Action No: 17-935

vs.

Chris Galloway
Zachary Reider
Fieldworks LLC

**RECEIVED**

JUN 1 4 2017

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## JURY TRIAL DEMANDED

## CIVIL COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, and the state of Pennsylvania's Human Relations Act or the PHRA. We are filing under the counts of discrimination and retaliation. We also reserve the right to argue on behalf of the State of Pennsylvania's Whistleblower Law's public policy exemption for certain kinds of work. However, we feel that would best be argued in a Commonwealth court and not here. If for some reason, such a suit is not filed within the PA state courts within the deadline of the PA Whistleblowers Act, then we will pursue the case here.

1

2. The plaintiff has satisfied all procedural and administration prerequisites to sue under the PHRA, Title VII and the 42 U.S.C. §1981. He received his right to sue letter on April 17th from the EEOC for the permission to sue Zachary Reider and the Fieldworks Corporation. The complaint is also timely under Section §1981, which gives you four years to file a complaint after the termination date. (July 2016)

3. Defendants Zachary Reider and Fieldworks are employers under Title VII, PHRA and 42 U.S.C. §1981. We also think they're employers under the PA Whistleblower Law.

## II. Venue

4. We believe the venue is proper because defendants have resided and/or conducted business in this judicial district and/or because all of the acts giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. Plaintiff Philip Shropshire is an African American male who resides at 740 Franklin Avenue, Pittsburgh, PA 15221

6. Defendants Fieldworks had an office at 321 Pennwood Avenue, Pgh. PA, where I interviewed and worked for about a month and a half. We are naming Chris Galloway and Zachary Reider as defendants. We are suing them both in their professional and personal capacities.

## IV. Factual Background

2

7. Paragraphs 1 through 6 are incorporated herein by reference as though set in full.

8. Plaintiff began working for Defendant in June 2016. I was either the first or second person hired and was promoted within the first several weeks to a field manager position along with an increase in pay. He received not one complaint from Joel Williams, the African American manager who hired and promoted me. In fact, I was praised by Joel in front of the entire office for registering over 500 voters. Our staff, at times, was the most productive office in the state. The staff was 90 percent black with just a handful of white workers.

9. Unfortunately, Joel left for a better opportunity and was replaced by new manager Zachary Reider, who is white. I lost my job not because I couldn't canvass, but because I was engaging in protected speech and urging the new white canvass director to not break the law. Fun fact: Several Fieldworks offices were eventually raided and the criminal investigations from the Pennsylvania Attorney General's office are still ongoing. And, of course, even though I had given Reider links to the old news stories, quoted him the exact statute, he then proceeded to fire at least two black workers for not making quota anyway. Under state statute, you can't fire voter registration workers over quotas, or at least that's what DA Stephen Zappala argued publicly those many years ago. Two Fieldworks employees, including me, did file a criminal complaint against Zachary Reider and at the time assistant DA Richard Heister agreed that there was a criminal case but we have not heard back from the county. You can read about one of the

raids from the state, not connected to the county
charges as far as I know, here:

http://www.philly.com/philly/news/politics/20161101
 State raids Delco offices  seeking evidence of vot
er registration fraud.html

### Count 1
### Title VI, PHRA and Section 1981
### Race Discrimination

10. Plaintiff incorporates by reference the
allegations in Paragraph 1 through 9.

11. Plaintiff believes he was fired because of his
race for a host of pretextual reasons including but
not limited to shifting explanations, post hoc
rationalizations, treating white workers better and
holding them to lesser standards, false information
in defendants EEOC position statement and an
overall pattern of racial discrimination in firing
decisions, up to and including violating state
criminal law.

12. WHEREFORE, the Plaintiff Philip Shropshire
demands judgment pursuant to Title VII, Section
1981 and the PHRA as follows:

A.)  That Defendants be required to compensate
     Plaintiff for the full value of wages he
     would have received had it not been for the
     Defendants illegal treatment of Plaintiff,
     with interest since his termination in July
     2016.
B.)  That Defendants be required to provide
     Plaintiff with front pay if the court
     decides reinstatement is not feasible. (I
     would only want to be reinstated under

contract with clear definitions of work
responsibilities, and with an enshrined code
of progressive discipline, as well as clear
first amendment rights, not to mention
compensatory damages being paid upfront.)

C.)   That Defendants be required to compensate
Plaintiff for lost benefits, including
profit sharing and/or pension benefits until
Plaintiff's normal retirement date.

D.)   That Plaintiffs be awarded compensatory
damages of at least $35,000 or an amount to
be determined at trial.

E.)   That Defendants be ordered to pay, each, $1
million dollars in punitive damages or an
amount to be determined at trial.

F.)   That Pro Se Plaintiff be awarded against
Defendant the costs and expenses of this
litigation.

G.)   That Plaintiff be granted such further legal
and equitable relief as the Court may deem
just and proper.

## Count II
## Title VII, PHRA and Section 1981, PA Whistleblower Law
## Retaliation

13. Plaintiff incorporates by reference the
allegations in paragraphs 1 through 12.

14. Plaintiff believes he was retaliated against by
Defendants after using protected speech, both in
defending fellow black workers from being
terminated illegally and also in violation of the
state's Whistleblower Law. Plaintiff was clearly
not "disruptive" in any way shape or form as a
worker or a field manager nor could that be
interpreted to mean informing your boss, a college
kid from Idaho, that he was breaking state law. And

could he please not do that. Zachary Reider may
have worked for Bernie Sanders but he ran that
office pretty much like Donald Trump: just a toxic
brew of arrogance, stupidity and incompetence. I
believe I have written publicly that Reider is the
worst canvass director I have ever worked for in my
30 years of canvassing, including the one that got
fired for embezzlement. I stand by that statement.
He has earned no less than five civil rights
complaints to the EEOC. And those are just the ones
I know of.

15. WHEREFORE, Plaintiff Philip Shropshire demands
judgment pursuant to Title VII, Section 1981, the
PHRA, and the PA Whistleblower Law as follows:


A.) That Defendants be required to compensate
Plaintiff for the full value of wages he would have
received had it not been for the Defendants illegal
treatment of Plaintiff, with interest since his
termination in July 2016.
B.) That Defendants be required to provide
Plaintiff with front pay if the court decides
reinstatement is not feasible. (I would only want
to be reinstated under contract with clear
definitions of work responsibilities, and with an
enshrined code of progressive discipline, as well
as clear first amendment rights, not to mention
compensatory damages being paid upfront.)
C.) That Defendants be required to compensate
Plaintiff for lost benefits, including profit
sharing and/or pension benefits until Plaintiff's
normal retirement date.
D.) That Defendants be required to compensate
Plaintiff for lost benefits, including profit
sharing and/or pension benefits until Plaintiff's
normal retirement date. That defendants be awarded
compensatory damages of at least $35,000 or an
amount to be determined at trial.

E.) That Defendants be ordered to pay, each, $1 million dollars in punitive damages or an amount to be determined at trial.
F.) That Pro Se Plaintiff be awarded against Defendant the costs and expenses of this litigation.
G.) That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Summary and Implications of the Ongoing Criminal Investigation Into Fieldworks by the Pennsylvania Attorney General

16. Plaintiff incorporates paragraphs 1 through 15 as if fully restated.

17. Since the criminal investigation against Fieldworks hasn't been concluded by the State Attorney General's office I wouldn't object, once service has been completed or waived, at waiting until those efforts have been concluded or no more than 9 months from the date this claim is filed. We certainly wouldn't want, say, a statement made under deposition here, to lead to a criminal conviction in that case. Perish the thought.

Respectfully submitted,

Pro Se Plaintiff Philip Shropshire

740 Franklin Avenue
Pgh.,PA 15221
4125675212 or cell: 4122730524
7-14-17

*Note to the court again: We will send papers to defendants to waive service within the next week or so.