FILED

AUG -3 2017

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Philip Shropshire<br><br>　　　　Plaintiff,<br><br>v.<br><br>Chris Gallaway,<br>Zachary Reider,<br>Fieldworks Inc.<br><br>　　　　Defendant. | No. 17-935<br><br>**FIRST AMENDED COMPLAINT, JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

### PREFACE

1. We wish to amend some clerical errors that we missed in the first complaint. But in my defense Gallaway's second "A" did look like an "O" to my aging eyes.

2. We wish to strip the Whistleblower Claim entirely and refile it in the Pennsylvania Court of Common Pleas or some other appropriate state court of choice. Apparently, if I were to file it at the federal level I would not be allowed to remand it to state court later. So better safe than sorry. And: the law is hard.

1

3. We make this amended complaint under federal rule 15(a).

4. We still await the court's decision on my in forma pauperis request. (See court docket.) Also: Still quite poor if anyone's asking.

## JURY TRIAL DEMANDED

## AMENDED CIVIL COMPLAINT

### I. Jurisdiction

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, and the state of Pennsylvania's Human Relations Act or the PHRA. We are filing under the counts of discrimination and retaliation.

2. The plaintiff has satisfied all procedural and administration prerequisites to sue under the PHRA, Title VII and the 42 U.S.C. §1981. He received his right to sue letter on April 17th from the EEOC for the permission to sue Zachary Reider and the Fieldworks Corporation. The complaint is also timely under Section §1981, which gives you four years to file a complaint after the termination date. (July 2016)

3. Defendants Chris Gallaway, Zachary Reider and Fieldworks are employers under Title VII, PHRA and 42 U.S.C. §1981.

## II. Venue

4. We believe the venue is proper because defendants have resided or conducted business in this judicial district or because all of the acts giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. Plaintiff Philip Shropshire is an African American male who resides at 740 Franklin Avenue, Pittsburgh, PA 15221

6. Defendants Fieldworks had an office at 321 Pennwood Avenue, Pgh. PA, where I interviewed and worked for about a month and a half. We are also naming Chris Gallaway and Zachary Reider as defendants. We are suing them both in their professional and personal capacities.

## IV. Factual Background

7. Paragraphs 1 through 6 are incorporated herein by reference as though set in full.


8. Plaintiff began working for Defendant in June 2016. I was either the first or second person hired and was promoted within the first several weeks to a field manager position along with an increase in pay. Plaintiff received not one complaint from Joel Williams, the African American manager who hired and promoted me. In fact, I was praised by Joel in front of the entire office for registering over 500 voters. Our staff, at times,

3

was the most productive office in the state. The staff was 90 percent black with just a handful of white workers.

9. Unfortunately, Joel left for a better opportunity and was replaced by new manager Zachary Reider, who is white. I lost my job not because I couldn't canvass, but because I was engaging in protected speech and urging the new white canvass director to not break the law. Fun fact: Several Fieldworks offices were eventually raided and the criminal investigations from the Pennsylvania Attorney General's office are still ongoing. And, of course, even though I had given Reider links to the old news stories, quoted him the exact statute, he then proceeded to fire at least two black workers for not making quota anyway. Under state statute, you can't fire voter registration workers over quotas, or at least that's what DA Stephen Zappala argued publicly those many years ago. Two Fieldworks employees, including me, did file a criminal complaint against Zachary Reider and at the time assistant DA Richard Heister agreed that there was a valid criminal claim but we have not heard back from the county. You can read about one of the raids from the state, not connected to the county charges as far as I know, here:

http://www.philly.com/philly/news/politics/20161101_State_raids_Delco_offices__seeking_evidence_of_voter_registration_fraud.html

**Count 1**
**Title VI, PHRA and Section 1981**
**Race Discrimination**

4

10. Plaintiff incorporates by reference the allegations in Paragraph 1 through 9.

11. Plaintiff believes he was fired because of his race for a host of pretextual reasons including but not limited to shifting explanations, post hoc rationalizations, treating white workers better and holding them to lesser standards, false information in defendants EEOC position statement and an overall pattern of racial discrimination in firing decisions, up to and including violating state criminal law. There's also should be direct testimony that Zachary Reider is a racist, probably from every person of color that worked with him here in Pittsburgh.

12. WHEREFORE, the Plaintiff Philip Shropshire demands judgment pursuant to Title VII, Section 1981 and the PHRA as follows:

- A.) That Defendants be required to compensate Plaintiff for the full value of wages he would have received had it not been for the Defendants illegal treatment of Plaintiff, with interest since his termination in July 2016.
- B.) That Defendants be required to provide Plaintiff with front pay if the court decides reinstatement is not feasible. (I would only want to be reinstated under contract with clear definitions of work responsibilities, and with an enshrined code of progressive discipline, as well as clear first amendment rights, not to mention compensatory damages being paid upfront.)
- C.) That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date.

- D.) That Plaintiffs be awarded compensatory damages of at least $35,000 or an amount to be determined at trial.
- E.) That Defendants be ordered to pay, each, $1 million dollars in punitive damages or an amount to be determined at trial.
- F.) That Pro Se Plaintiff be awarded against Defendant the costs and expenses of this litigation.
- G.) That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Title VII, PHRA and Section 1981: Retaliation

13. Plaintiff incorporates by reference the allegations in paragraphs 1 through 12.

14. Plaintiff believes he was retaliated against by Defendants after using protected speech, both in defending fellow black workers from being terminated illegally and also in violation of the state's Whistleblower Law. Plaintiff was clearly not "disruptive" in any way, shape or form as a worker or a field manager nor could that be interpreted to mean informing your boss, a college kid from Idaho, that he was breaking state law. And could he please not do that. Zachary Reider may have worked for Bernie Sanders but he ran that office pretty much like Donald Trump: just a toxic brew of arrogance, stupidity and incompetence. I believe I have written publicly that Reider is the worst canvass director I have ever worked for in my 30 years of canvassing, including the one that got fired for embezzlement. I stand by that statement. He has earned no less than five civil rights complaints to the EEOC. And those are just the ones I know of.

6

15. WHEREFORE, Plaintiff Philip Shropshire demands judgment pursuant to Title VII, Section 1981, and the PHRA as follows:

A.) That Defendants be required to compensate Plaintiff for the full value of wages he would have received had it not been for the Defendants illegal treatment of Plaintiff, with interest since his termination in July 2016.
B.) That Defendants be required to provide Plaintiff with front pay if the court decides reinstatement is not feasible. (I would only want to be reinstated under contract with clear definitions of work responsibilities, and with an enshrined code of progressive discipline, as well as clear first amendment rights, not to mention compensatory damages being paid upfront.)
C.) That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date.
D.) That Defendants be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date. That Plaintiff be awarded compensatory damages of at least $35,000 or an amount to be determined at trial.
E.) That Defendants be ordered to pay, each, $1 million dollars in punitive damages or an amount to be determined at trial.
F.) That Pro Se Plaintiff be awarded against Defendant the costs and expenses of this litigation.
F.) That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Summary and Implications of the Ongoing Criminal Investigation Into Fieldworks by the Pennsylvania Attorney General

16. Plaintiff incorporates paragraphs 1 through 15 as if fully restated.

17. Since the criminal investigation against Fieldworks hasn't been concluded by the State Attorney General's office I wouldn't object, once service has been completed or waived, at waiting until those efforts have been concluded or no more than 1 month from the date this claim is filed. We certainly wouldn't want, say, a statement made under deposition here, to lead to a criminal conviction in that case. Perish the thought.

Respectfully submitted,

Pro Se Plaintiff Philip Shropshire

pshropshire@yahoo.com
740 Franklin Avenue
Pgh., PA 15221
4125675212 or cell: 4122730524
8-3-17

*Note to the court again: We will send papers to defendants to waive service within the next week or so.