# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP SHROPSHIRE, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) C.A. No. 2:17-cv-00935-DSC |
| CHRIS GALLOWAY, ZACHARY | ) |
| REIDER and FIELDWORKS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants, Fieldworks, LLC ("Fieldworks"), Chris Galloway ("Galloway") and Zachary Reider ("Reider") (collectively, "Defendants"), by their attorneys, Cohen & Grigsby, P.C., file the following Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    STATEMENT OF THE CASE

The Plaintiff's Amended Complaint contains claims of race discrimination (Count 1) and retaliation (Count 2) against his former employer, Fieldworks, and two employees, Galloway and Reider.  At the heart of the Amended Complaint is Plaintiff's allegations that he was terminated for whistleblowing activities.  ***None*** of the allegations support that Defendants engaged in unlawful discrimination or retaliation based on race.  As an initial matter, nowhere in Counts 1 or 2 does Plaintiff establish a link between such purported treatment and his race or a causal connection between a protected activity and an adverse employment action.  For the reasons set forth below, the Amended Complaint is entirely deficient and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    RELEVANT FACTUAL BACKGROUND

According to the few facts contained in the Amended Complaint, Plaintiff began working for Fieldworks in June of 2016.  (Amend. Compl. ¶8)  Plaintiff was terminated "not because [he] couldn't canvass, but because [he] was engaging in protected speech and urging the new white canvass director to not break the law."  (Amend. Compl. ¶9)

In Count 1 of the Amended Complaint (Title VII, PHRA and Section 1981 Race Discrimination), Plaintiff alleges that he "believes he was fired because of his race for a host of pretextual reasons including but not limited to shifting explanations, post hoc rationalizations, treating white workers better and holding them to lesser standards, false information in defendants EEOC position statement and an overall pattern of racial discrimination in firing decisions, up to and including violating state criminal law."  (Amend. Compl. ¶11)  With the exception of the unsupported allegation that "Zachary Reider is a racist," no facts contained anywhere in the Amended Complaint sustain these sweeping, conclusory allegations.  (Amend. Compl. ¶11)  Further, other than Plaintiff's "belief" that he was terminated on the basis of race, and the unsubstantiated allegation that white workers were treated better and held to lesser standards, no allegations of discrimination based on race are mentioned in Count 1.

In Count 2 of the Amended Complaint (Title VII, PHRA and Section 1981 Retaliation), Plaintiff alleges that he "believes he was retaliated against by Defendants after using protected speech, both in defending fellow black workers from being terminated illegally and also in violation of the state's Whistleblower Law."  (Amend. Compl. ¶14)  In support of this allegation, Plaintiff compares Reider to Donald Trump and states that Reider is "the worst canvassing director I have ever worked for in my 30 years of canvassing, including the one that got fired for embezzlement."  (Amend. Compl. ¶14)  Again, Plaintiff fails to include a single fact that would lend any support to his "belief" that he was retaliated against for engaging in protected activity.

## III.   STANDARD OF REVIEW

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint filed by the plaintiff." Clark v. PNC Financial Services Group, No. 2:10-CV-00378, 2010 WL 4024715, at *2 (W.D. Pa. Oct. 13, 2010).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level ...'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of a particular cause of action. *Id.* at 234.  Furthermore, although this Court must accept as true all well-pleaded factual allegations in the Amended Complaint, it need not accept legal conclusions either expressly stated or implied by the pleaded facts. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, the Court held that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

Since Iqbal, the Court of Appeals for the Third Circuit requires district courts to conduct a two-part analysis for motions to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, **but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'**

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (citations omitted).  The facts alleged in the Amended Complaint are simply not sufficient to show that Plaintiff has a plausible claim for relief and, accordingly, Defendants seek dismissal of the Amended Complaint, with prejudice.  While *pro se* pleadings are undoubtedly held to "less stringent standards than formal pleadings drafted by lawyers," the court "need not accept inferences drawn by plaintiff if they are unsupported by the facts set forth in the complaint."

Crittendon v. Grove, 2010 WL 2723215, at \*3-2 (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

### IV.   <u>ARGUMENT</u>

For all of the following reasons, Plaintiff's Amended Complaint should be dismissed in its entirety:

> **A.     Plaintiff's Claims Against Individual Defendants Galloway and Reider Must Be Dismissed As a Matter of Law.**
>
> > **1.     Plaintiff's Title VII Claims Must Be Dismissed Against The Individually Named Defendants Because Title VII Does Not Permit Individual Liability.**

In the Amended Complaint, Plaintiff alleges that individual Defendants Galloway and Reider are "employers" under Title VII.  (Amend. Compl. ¶3)  At no point in the Amended Complaint does Plaintiff allege any facts to support that either individual is an "employer" under Title VII.

The law is clear that individuals cannot be held liable for employment discrimination under Title VII.  <u>Sheridan v. E.I. DuPont de Nemours and Co.</u>, 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that individuals cannot be held liable under Title VII).  In <u>Johnson v. RR. Donnelly Printing Co.</u>, the Western District examined this exact scenario in the context of a case filed by a *pro se* plaintiff.  In <u>Johnson</u>, the court explicitly held that the plaintiff's Title VII "claims against the individual are not cognizable as a matter of law" and dismissed the claims against the individual defendants with prejudice.  <u>Johnson v. RR. Donnelly</u>, 2013 WL 5971071, at \*5 (W.D. Pa. Nov. 8, 2013).

Plaintiff's attempt to hold the individual Defendants liable for his Title VII claims is without merit or basis and fails as a matter of law.  Individual Defendants Galloway and Reider

clearly cannot be held liable as employers under Title VII. Therefore, the Court should dismiss Plaintiff's Title VII claims against Galloway and Reider.

> **2.**     **Plaintiff Fails To Allege Any Facts Showing That Individual Defendants Galloway Or Reider Are "Employers" Under The PHRA And Section 1981.**

In the Amended Complaint, Plaintiff alleges, without any explanation or explication, that Individual Defendants Galloway and Reider "are employers" under the PHRA and Section 1981 and that they are being sued in their "professional and personal capacities." (Amend. Compl. ¶¶3, 6) Plaintiff, however, fails to set forth a single fact showing a basis for such a claim.

Plaintiff does not include <u>any</u> facts demonstrating why individual Defendants Galloway and Reider are employers or why they should be held liable under the PHRA or Section 1981. Instead, Plaintiff's meandering Amended Complaint consists entirely of Plaintiff's perceived grievances and personal vendettas against the Defendants. ("Zachary Reider may have worked for Bernie Sanders but he ran that office pretty much like Donald Trump: just a toxic brew of ignorance, stupidity and incompetence. I believe I have written publicly that Reider is the worst canvass director I have ever worked for ..." (Amend. Compl. ¶14)). Plaintiff's conclusory allegations and airing of private quarrels and perceived slights cannot satisfy the <u>Iqbal</u> and <u>Twombly</u> pleading requirements. Accordingly, Plaintiff's PHRA and Section 1981 claims against individual Defendants Galloway and Reider should be dismissed.

> **B.**     **Plaintiff's Race Discrimination And Retaliation Claims Should Be Dismissed Because He Fails To Allege Any Facts To Support Such Claims.**

The Third Circuit has held that the legal standard for Title VII, PHRA and Section 1981 claims is identical. <u>Crittendon v. Grove</u>, No. CIV.A. 09-246 ERIE, 2010 WL 2723215, at *4 (W.D. Pa. July 8, 2010). To set forth a *prima facie* case of unlawful discrimination (Count 1), Plaintiff must allege that he suffered an adverse employment action under circumstances giving

rise to an inference of illegal discrimination.  Cobetto v. Wyeth Pharms., 619 F.Supp.2d 142, 153 (W.D. Pa. 2007).  To set forth a *prima facie* case of retaliation (Count 2), Plaintiff must allege, in relevant part, that there is a causal connection between the protected activity and the employer's adverse action.  Clark v. PNC, 2010 WL 4024715 at *4 (citing Williams v. Philadelphia Housing Auth. Police Dept., 380 F.3d 751, 759 (3d Cir. 2004)).  Plaintiff has entirely failed to meet either of these standards.  With regard to his claim of discrimination, Plaintiff has not alleged any circumstances that would give rise to an inference of illegal action.

1.    **Plaintiff Has Not Pled Any Facts To Support A Claim of Discrimination (Count I).**

The law is clear that it is not enough for a plaintiff to simply allege that he is African American and was terminated.  Instead, a plaintiff must allege facts showing that he was terminated *because* he is African American.  *See* Dixon v. Women's Christian Alliance Foster Care Agency, No. 13–3730, 2014 WL 5393541, at *4 (E.D. Pa. Sept. 26, 2014) (dismissing plaintiffs' Section 1981 race claim where they failed to show that they were terminated "*because* of their race") (emphasis in original).  Plaintiff's mere "belief" that he was discriminated or retaliated against is not sufficient, as he must present this Court with actual, concrete facts to support his claim.  *See* Crittendon v. Grove, 2010 WL 2723215, at *6 (holding that a plaintiff must "allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" (quotations omitted)).

Other than the single, conclusory statement that white workers were treated better and held to lesser standards, Plaintiff does not set forth any allegations that could plausibly support a claim or inference of illegal discrimination.  (Amend. Compl. ¶11)  Further, Plaintiff has not actually alleged that he suffered discrimination due to any protected classification.  Absent a causal link between a protected status and discharge or discrimination, Plaintiff cannot state a

*prima facie* case of discrimination. *Id.* Plaintiff's mere belief that he was fired because of his race cannot sustain a claim of discrimination. Accordingly, Count I should be dismissed.

### 2. Plaintiff Has Not Pled Any Facts to Support A Claim Of Retaliation (Count II).

The Third Circuit Court of Appeals has articulated two main factors relevant to establishing the requisite causal connection in a retaliation case: "timing and evidence of ongoing antagonism." Abramson v. William Paterson College, 260 F.3d 265, 288 (3d Cir. 2001). However, the mere fact that adverse employment action occurs after a plaintiff engages in a protected activity will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." Quiroga v. Hasbro, Inc., 934 F.2d 497, 502 (3d Cir. 1991). In this case, Plaintiff has not pled sufficient factual allegations to support his retaliation claim because he has not pled any facts that could support an inference of a causal connection.

In Count II, Plaintiff alleges that he "believes he was retaliated against by Defendants after using protected speech, both in defending fellow black workers from being terminated illegally and also in violation of the state's Whistleblower Law." (Amend. Compl. ¶14) Plaintiff, however, has not alleged *any* basis for suggesting a link between his race and *his* discharge. The only concrete facts that Plaintiff pleads in the entire Amended Complaint is that he "began working for Defendant in June 2016" and that he "lost [his] job not because [he] couldn't canvass, but because [he] was engaging in protected speech and urging the new white canvass director to not break the law." (Amend. Compl. ¶¶9) The remainder of the Amended Complaint consists of sweeping and conclusory allegations, personal grievances, and Plaintiff's conclusory allegation that he was terminated because of his race. (Amend. Compl. ¶11)

Plaintiff's complete failure to plead <u>any</u> facts sufficient to state a claim of race discrimination or retaliation is fatal to his claims. While *pro se* pleadings are undoubtedly held

to "less stringent standards than formal pleadings drafted by lawyers," the court "need not accept inferences drawn by plaintiff if they are unsupported by the facts set forth in the complaint." Crittendon, 2010 WL 2723215, at *3-2 (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff has simply not presented facts necessary to withstand a motion to dismiss. Accordingly, his race discrimination and retaliation claims are insufficient as a matter of law, and the Amended Complaint should be dismissed, with prejudice.

## V.     CONCLUSION

Because Plaintiff has failed to state any claim on which relief can be granted, and for all of the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice.

Respectfully submitted,

/s/ Jennifer S. Park
Jennifer S. Park
PA I.D. 205842
jpark@cohenlaw.com
Alex M. Lacey
PA I.D. 313538
alacey@cohenlaw.com
Kelsey J. Gdovin
PA I.D. 322715
kgdovin@cohenlaw.com

COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA  15222-3152
412-297-4900 / Fax 412-209-0672

Counsel for Defendants

Dated:  August 13, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* was filed electronically on August 13, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

//s/ *Jennifer S. Park*