IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**PHILIP SHROPSHIRE**,          )
                                )
    Plaintiff,             )
                                )
  v.                            )   2:17cv935
                                )   **Electronic Filing**
**CHRIS GALLOWAY**,             )
**ZACHARY REIDER**, and         )
**FIELDWORKS LLC**,             )
                                )
    Defendants.            )

## MEMORANDUM ORDER

AND NOW, this 6th day of March, 2019, upon due consideration of defendants' motion to dismiss and the parties' submissions in conjunction therewith, IT IS ORDERED that [18] the motion be, and the same hereby is, granted; and

IT FURTHER IS ORDERED that [24] plaintiff's request for leave to amend be, and the same hereby is, granted. Plaintiff shall file an amended complaint on or before March 29, 2019, containing short and plain averments of historical facts and workplace-related events which plaintiff intends to use to support his claims for discrimination and retaliation.

Defendants accurately argue that plaintiff's complaint falls short of setting forth sufficient facts to state a plausible claim for relief under the legal theories of liability advanced by plaintiff. Plaintiff responds by augmenting a number of his broad general assertions and conclusions with additional allegations that appear to be grounded in historical events in the workplace. Defendant aptly notes that assertions in the form of arguments in a brief or response cannot amend the operative complaint and as such the complaint remains deficient. Plaintiff indicates he is prepared to amend his complaint if that is what it takes to provide defendants with notice of the factual bases for his claims.

It is well settled that pleadings filed by *pro se* litigants are to be construed liberally. McNeil v. United States, 508 U.S. 106, 113 (1993); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). And in such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins, 293 F.3d at 688 (quoting Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

But the above-referenced standards are not to be read as a license to excuse or overlook procedural shortcomings in pleadings submitted by those who choose to represent themselves. McNeil, 508 U.S. at 113 ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, a complaint drafted without the benefit of counsel nevertheless must comply with Federal Rule of Civil Procedure 8(a). And, while Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claims showing that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning. Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002). It follows that in order to comply with the applicable pleading standards "more detail is often required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Id. at 142 - 43 (quoting Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 at 318 (2d ed. 1990)). This principle appears to be even more well-grounded after Twombly.

Defendants seek to hold plaintiff to the demands that govern pleadings by skilled attorneys. We decline to do so. Nevertheless, plaintiff must place the factual grounds of his claims in an operative complaint and that operative complaint must contain short and plain allegations of fact which make a plausible showing that he is entitled to relief under a cognizable legal theory of recovery.

As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Plaintiff's responses to defendants' motion make such a showing. Accordingly, he has been granted leave to amend.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Philip Shropshire
    740 Franklin Avenue
    Pittsburgh, PA 15221
    (*Via First Class Mail*)

    Jennifer S. Park, Esquire
    Alex M. Lacey, Esquire
    Kelsey J. Gdovin, Esquire
    (*Via CM/ECF Electronic Mail*)