IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILIP SHROPSHIRE,
    Plaintiff,

v.

CHRIS GALLOWAY, ZACHARY REIDER and FIELDWORKS LLC,
    Defendants.

C.A. No. 2:17-cv-00935-DSC

FILED
JUN 24 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# **RESPONSE TO DEFENDANT'S 5 30 STATEMENT**

1. Well to be honest, this last argument made on May 30th by the Fieldworks team feels more like a resigned shrug than a full throated argument.

2. One affirmative argument that needs to be clarified. This is both a Direct and circumstantial evidence case where people don't have to call me the nword. White managers who do this are very rare even though the Paula Deen standard is desirable (https://www.eater.com/2013/6/20/6417349/heres-the-racist-paula-deen-deposition-transcript). There is direct testimony that Zachary Reider is a racist by at least 5 to seven people. Three have already made statements. I think that the circumstantial case I've created for discharge is wide and deep. I would still have my job if I was white. Subjective standards of discharge, where nobody black, or

1

about 30 witnesses I have to interview for discovery (You already have one declaration by Justin Everett.) thinks I was being disruptive by trying to help the company, should be decided by a jury. Here's one case that describes how that works.

Johnson v. Fed. Express Corp., CIVIL ACTION NO. 1:12-CV-444 (M.D. Pa. Feb. 28, 2014)

In race and sex discrimination cases, a plaintiff may establish his or her claims by either direct evidence that the employer's decision was motivated by discrimination, or indirect evidence that creates an inference of discrimination. See Torre v. Casio, Inc., 42 F.3d 825, 829 (3d Cir. 1994); Weightman v. Bank of N.Y. Mellon Corp., 772 F. Supp. 2d 693, 702 (W.D. Pa. 2011). When a plaintiff relies upon indirect or circumstantial evidence to support a discrimination claim under Title VII, Section 1981, and the PHRA, the court applies the three-step burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999); Rzucidlo v. McHugh, __ F. Supp. 2d. __, No. 3:12-CV-380, 2013 WL 5408651, at *5 (M.D. Pa. Sept. 25, 2013).

But again who knows what jewels discovery will yield.

3. I believe in their paragraphs 4 through 7 defendants argue that I can't introduce new facts into my motions. One big problem: They don't bother to tell the court what those new facts or causes of action are and how they don't relate to my fuller amended complaint. Its difficult to rebut something that hasn't been presented.

4. Its not against the law to present a statement of material facts. Like in my other case before this court, I thought it would be helpful. It

2

would also be helpful if the defendants bothered to rebut, which they have failed to do. Probably because there is no factual evidence to prove a subjective standard like "disruptive", or one that makes sense that after such a disruptive act occurs you send the "disruptive" employee out to work for six hours. There is no evidence, objective or otherwise, that I was ever insubordinate.

5. The material facts refer to the arguments made in the amended complaint. It should be pointed out that some of the case law that defendants use to note "new facts" refers to causes of action, not arguments against claims, such as a motion to dismiss, that defendants themselves have brought up. For example, I wouldn't be allowed to make a sexual harassment claim, or bring up arguments for it because its not mentioned in the complaint. It would be nice to know what defendants are talking about.

6. There's no case law to suggest that the court should ignore my pleadings and most tellingly the defendants don't provide any. This is in response to the wishful thinking in their conclusion. Hey, I want a pony. I'm not silly enough to think the judge will give me one. I try to always quote case law in support of anything I write or argue.

7. The three day grace rule seems to be real in the Third Circuit. It was mailed on the 16th and would seem to be covered by the three day rule, which doesn't count Saturdays or Sundays because the court is closed. Exhibit one shows when it was mailed. The other problem is that even if it was late, and it wasn't according to the three day mailing rule, it would be prejudicial to my case for it to be struck on those grounds. Or from this case:

> *DIEHL v. U.S. STEEL/EDGAR THOMSON WORKS*, Civil Action No. 09-948 (W.D. Pa. Jan. 21, 2010)
>
> Diehl argues that because Defendant has neither averred nor is able to show that it suffered any prejudice by the late filing, the dismissal of the Amended Complaint on the basis of its lateness is too harsh a remedy. (*Id.*)
>
> The Court agrees. Even allowing for three days for delivery of Diehl's Amended Complaint by November 8, 2009, *see Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 n. 2 (3d Cir. 1986) (citing FED. R. CIV. P. 6(e)'s three day presumption), Diehl's filing is still 2 days late. Nonetheless, while counsel for Diehl certainly did not act in a diligent manner in accordance with this Court's order (Docket No. 13), the Court has discretion to strike the pleading or allow the untimely filing. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 308, 395 (1993) (court has discretion to forgive an untimely filing dependent on the relevant circumstances and the prejudice factor). Additionally, dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant are disfavored. *See Husick v. Allegheny County*, 304 Fed. Appx. 977 (3d Cir. 2008) (not-precedential) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that Rule 12(b)(6) motions should not be granted without an analysis of the merits of the underlying complaint)). Thus, because Defendant has not alleged any prejudice, the Court will not punish Diehl for his counsel's admitted inadvertence. Rather, the Court warns Diehl's counsel to act more diligently in the future and to comply with the time limits proscribed in the Federal Rules of Civil Procedure and by this Court.

It also acknowledges the three day grace period. We're assuming the 21 day rule counts here since the court has not proscribed exact deadlines. I assume that's because this court knows that I'm juggling two cases at the same time and is giving me all available time to a pro se plaintiff to complete these counter motions. The court has my thanks in this regard. (When I was given an exact deadline of May 16th, I met it. See exhibit one.)

## Conclusion

8. It should be pointed out that we have both direct and circumstantial evidence proving the Defendant's guilt. I know of at least five people who will state for the record that Zachary Reider is a racist. You already have the testimony of Justin Everett, whose case included the declaration of Joel Bracy, who also thinks Reider is a racist and who also looks like he was fired for nothing. You have my own testimony and I've got video testimony of one other African American who came to the same conclusion. I think the completion of the discovery period will get you ten people who say that and that may include a white person. (Zachary is that racist.)

We urge the court to allow the case to go forward to a four month discovery phase. I have more than proven my case not just for the 12 b 6 motion, where you're supposed to agree with me about both direct testimony (Five witnesses calling Zachary Reider a racist would be pretty compelling during a trial.) and circumstantial evidence at this stage, but probably a Rule 56 motion as well. I'm ready for discovery.

Sincerely,

Date: 6-20-19

Philip Shropshire

www.threeriversonline.com

pshropshire@yahoo.com

## Certificate of Service

I certify that on the 20th day of June 2019 this statement will be emailed or mailed to the Defendant's lawyers and a copy was either mailed or delivered to the clerk's office.

Signature: *[signature]*
Date: 6-21-19